# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL RAY WHEELER,

    *Petitioner*,

vs.

JAMES COX, *et al.*,

    *Respondents.*

3:12-cv-00469-LRH-WGC

ORDER

    This habeas action comes before the Court on petitioner's motion (#10) for reconsideration of the denial of his motion for appointment of counsel, respondents' motion (#14) for an extension to respond to the petition, and petitioner's motion (#18) for an extension to respond to respondents' motion to dismiss.

    On the motion for reconsideration of the denial of counsel, petitioner relies on the fact that he does not have direct physical access to a law library with inmate law clerks because he is housed in a minimum security facility. He maintains that he can access prison law library resources at another facility only through inmate request forms or "kites" sent through institutional mail.[1] Petitioner's access in this regard is substantially similar to that of large numbers of inmates in the Nevada state prison system, who must send kites to request legal resource materials from the prison law library. This Court has held that such a system can be a constitutionally adequate means for providing access to prison legal resources. *See Felix v. McDaniel*, 2012 WL 666742, at *5-9 (D.Nev., Feb. 29, 2012). The Court

---

[1] Petitioner has been transferred from one conservation camp to another during the pendency of the motion. The record presented does not reflect that petitioner has markedly different access to prison legal resources at the second camp. That is, at both camps, it appears that he can access legal resources at another facility through inmate request forms.

further has recognized that an inmate does not have a right to active legal assistance from an inmate law clerk analyzing his specific case to pursue legal research for him. *Id.*, at *7-8.

Petitioner urges that he is unfamiliar with the applicable law and procedures and does not know what materials to request from the prison law library. However, merely because a lay petitioner is not as familiar with the law as an attorney does not provide a basis for appointment of post-conviction counsel, and the vast majority of habeas matters are pursued *pro se*. Following a second review of the matter, the Court again finds that the claims and issues presented are not extraordinarily complex and that petitioner has demonstrated an adequate ability to present his claims and arguments. The fact that petitioner was appointed counsel on state post-conviction review does not lead inexorably to the conclusion that the interests of justice require that he also be appointed counsel on federal habeas review to present claims previously articulated in the state courts.

The motion for reconsideration therefore will be denied.

Petitioner further seeks a ninety day extension of time to respond to respondents' pending motion to dismiss, which was filed on December 21, 2012. A sixty-day extension from entry of this order will suffice. In this regard, if petitioner seeks a stay in connection with his response, he must seek such a stay in a separate motion for a stay filed at the same time as his response.

Respondents' motion for an extension of time will be granted *nunc pro tunc* in connection with the motion to dismiss filed.

The State of Nevada will be dismissed as a respondent *sua sponte*. The state sovereign immunity recognized by the Eleventh Amendment bars suit directly against a State in federal court, regardless of the relief sought. *E.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).

IT THEREFORE IS ORDERED that petitioner's motion (#10) for reconsideration of the denial of his motion for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that petitioner's motion (#18) for an extension to respond to respondents' motion to dismiss is GRANTED IN PART and DENIED IN PART such that petitioner shall have **sixty (60) days** from entry of this order within which to mail his response to the Clerk for filing. If petitioner wishes to seek a stay, he must do so in a separate motion to stay filed at the same

time as the response to the motion to dismiss. Briefing on any such motion to stay will proceed according to the standard time schedule established in the local rules.

IT FURTHER IS ORDERED that respondents' motion (#14) for an extension to respond to the petition is GRANTED *nunc pro tunc*, in connection with the motion to dismiss filed on December 21, 2012.

IT FURTHER IS ORDERED that the State of Nevada is DISMISSED as a respondent herein.

DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE