UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL RAY WHEELER,<br><br>                    Petitioner,<br>    v.<br>JAMES COX, et al.,<br><br>                    Respondents. | Case No. 3:12-cv-00469-MMD-WGC<br><br>ORDER |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 29, 2013, this Court granted a stay and administratively closed petitioner's federal habeas corpus action so that he could exhaust certain grounds in his petition (dkt. no. 27).

Petitioner's further state-court proceedings have concluded, and petitioner has now returned to this Court; he has filed a motion to reopen this case, and a motion to extend time to seek leave to amend (dkt. nos. 29 and 30, respectively). Respondents filed their non-opposition to each motion (dkt. nos. 31 and 32). Good cause appearing, this action is reopened.

Petitioner has also submitted a motion for appointment of counsel (dkt. no. 33). As the Court has previously explained, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley,* 730 F.2d 1228, 1234

(9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

This Court has considered and denied petitioner's previous motion for counsel in this case as well as his motion for reconsideration of the denial of counsel because the legal issues are not overly complex, and petitioner has adequately articulated his claims (dkt. nos. 5, 6, 10, 19). Petitioner now argues that he suffers from "substantial recurring mental defect" and attaches a psychological evaluation completed in 2010 (dkt. no. 33, p. 1; Exh. 1). Respondents oppose the motion and point out that the evaluation pre-dates the commencement of this action, yet petitioner has never mentioned it nor alleged mental health issues in his previous motion for counsel, and that he has a demonstrated ability to pursue this action based on his filings to date (dkt. no. 34). Petitioner has presented no compelling new basis for the appointment of counsel. Appointment of counsel is not justified here, and petitioner's motion is denied.

Finally, petitioner filed a motion for an extension of time within which to file a motion for leave to amend (dkt. no. 30). He asks the Court for a ninety (90) day extension. Petitioner's motion is granted; however, such a large extension of time is not warranted. Within forty-five (45) days of the date of this order, petitioner shall file a motion for leave to file an amended petition, together with an attached proposed amended petition. The parties shall brief such motion in accordance with Local Rule 7-2. If petitioner elects not to seek leave to amend his petition, this action shall proceed on the original petition (dkt. no. 6), and the Court shall set a further briefing schedule after the forty-five-day time period has expired.

It is therefore ordered that petitioner's motion to reopen this action (dkt. no. 29) is granted.

///

It is further ordered that, as the stay is lifted by this order, the Clerk shall reopen the file in this action.

It is further ordered that petitioner's motion for appointment of counsel (dkt. no. 33) is denied.

It is further ordered that petitioner's motion to extend time to file a motion to amend the petition (dkt. no. 30) is granted. Petitioner shall have forty-five (45) days from the date of this order to file a motion for leave to file an amended petition (if he wishes to amend) and attach a proposed amended petition. The parties shall brief any such motion in accordance with Local Rule 7-2.

It is further ordered that, due to staffing changes, the parties shall send courtesy (paper) copies of any further exhibits filed in this action to the Reno Division of this Court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label.

DATED THIS 30th day of April 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE