1
2
3
4
5
6                        UNITED STATES DISTRICT COURT

7                             DISTRICT OF NEVADA

8                                  * * *

9   MICHAEL RAY WHEELER,                    Case No. 3:12-cv-00469-MMD-WGC

10                          Petitioner,                    ORDER
          v.
11
    JAMES COX, et al.,
12
                            Respondents.
13

14          This *pro se* habeas matter under 28 U.S.C. § 2254 is before the Court on

15  respondents' motion to dismiss several grounds in petitioner Michael Ray Wheeler's

16  first-amended petition (ECF No. 42.) Wheeler did not file an opposition, and

17  respondents filed a notice of failure to respond to motion (ECF No. 52).

18  **I.      PROCEDURAL HISTORY AND BACKGROUND**

19          On August 16, 2008, a jury convicted Wheeler of one count of domestic battery

20  causing substantial bodily harm (Exh. 33).[1] The state district court adjudicated Wheeler

21  a habitual criminal and sentenced him to a term of five to twenty-five years. (Exh. 54.)

22  Judgment of conviction was entered on February 15, 2007. (Exh. 55.) The Nevada

23  Supreme Court affirmed Wheeler's conviction on April 7, 2008, and remittitur issued on

24  May 2, 2008. (Exhs. 71, 72.)

25          Wheeler filed a pro per state postconviction petition for habeas corpus on June

26  19, 2008. (Exh. 77.) The state district court appointed counsel; Wheeler filed a

27  _____
            [1]The exhibits referenced in this order are exhibits to respondents' motion to
28  dismiss, ECF No. 42, and are found at ECF Nos. 43-49, 51.

1
2
3
4

counseled, supplemental petition, and the state district court denied the petition on January 19, 2011. (Exh. 139.) On September 15, 2011, the Nevada Supreme Court affirmed the denial of the petition, and remittitur issued on October 11, 2011. (Exhs. 158, 159.)

5
6
7

Wheeler filed a second state postconviction petition on February 7, 2012. (Exh. 160.) The Nevada Supreme Court affirmed the denial of the second petition on September 16, 2014, and remittitur issued on October 15, 2014. (Exhs. 194, 195.)

8
9
10
11
12
13
14
15

While the second state postconviction petition was pending, Wheeler dispatched his federal habeas petition for mailing on August 27, 2012 (ECF No. 6). This Court granted petitioner's motion to stay the petition pending the conclusion of his state-court proceedings (ECF No. 27).[2] The Court granted the motion to reopen this case on April 30, 2015, and petitioner filed an amended petition on June 17, 2015 (ECF Nos. 35, 37). Respondents now argue that several grounds in the first-amended petition should be dismissed because they do not relate back to the original petition, are unexhausted, or noncognizable (ECF No. 42).

16       **II.     LEGAL STANDARDS & ANALYSIS**

17              **A.     Relation Back**

18
19
20
21
22
23
24
25

Respondents first argue that grounds 5(b) and 7 of the amended petition do not relate back to the original petition and should thus be dismissed as untimely (ECF No. 42 at 6-9). A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held

26
27
28

_____

[2]It appears that Wheeler was paroled about May 2013 and released from custody about June 2014 (ECF Nos. 26, 28). In order to obtain § 2254 habeas relief, a prisoner must be in custody at the time the petition is filed in federal court. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Here, the original petition reflects that Wheeler satisfied the custody requirement at the time he filed his petition (ECF No. 6).

that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655–64. Rather, under the construction of the rule approved in *Mayle*, Rule 15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 and n.5; *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

Here, Wheeler filed his first-amended petition on June 17, 2015, nearly three years after he dispatched his original petition for filing on August 27, 2012 (ECF Nos. 6 and 37). The claims in the first-amended petition must therefore relate back to Wheeler's original petition in order to be deemed timely.

### 1.    Ground 5(b)

Wheeler claims that his trial counsel rendered ineffective assistance when he failed to object to improper opinion testimony by (a) Detective Fiore and (b) Officer Scott Tracy (ECF No. 37 at 9-10).

In his original petition, petitioner argues prosecutorial misconduct based on the prosecutor's conspiring with Detective Fiore to "subvert probative evidence to wrongfully impeach the key percipient witness of the case" (ECF No. 6 at 7-8). Petitioner incorporated by reference his direct appeal, his first state postconviction petition and supplement and his second state postconviction petition. There are passing references in his first state postconviction filings regarding another officer who was interviewing the victim with Officer Tracy who testified that he could not hear or understand very well what the victim was saying and arguing that the defense should have explored whether

Tracy was able to understand. (*See e.g.*, Exh. 85 at 12.) Nowhere does Wheeler claim, however, that Officer Tracy testified improperly about his own opinion or that trial counsel failed to object to any such testimony. Accordingly, ground 5(b) does not relate back to the original petition, and therefore, it is dismissed as untimely.

### 2.    Ground 7

Wheeler contends that his trial counsel rendered ineffective assistance because he failed to investigate any aspect of the case, specifically the defense theory that the victim's injuries were the result of an accident and not domestic violence. (ECF No. 37 at 12-13.) He argues that he would have been acquitted or found guilty of a lesser crime if trial counsel had called Dr. Thomas H. Gill to rebut the State's three expert physicians. (*Id.*)

In ground 8 of the original petition Wheeler contends that trial counsel was ineffective for failing to present any forensic expert witnesses regarding the alleged victim's injuries. (ECF No. 6 at 6.) In the supplement to his first state postconviction petition, Wheeler argues ineffective assistance of counsel for failing to investigate that the victim's injuries were the result of an accident. (Exh. 85 at 13.) He asserts mainly that counsel should have recalled the victim to the stand because she would have testified "as to the facts stated within her memorandum to postconviction counsel," that is, she would have testified that her injuries were accidental and not the result of domestic violence. (Exh. 85 at 13.)

The crux of ground 7 in Wheeler's amended petition is that a report by Dr. Gill that was procured long after trial indicates that he would have been acquitted had Dr. Gill testified. Having carefully reviewed the original petition, the amended petition and Wheeler's state-court filings that he incorporates by reference, the Court concludes that ground 7 is different in "time and type" from the "originally raised episodes." *Mayle*, 545 U.S. at 657. Ground 7, therefore, does not relate back and is dismissed as untimely.

///

///

4

**B.    Claims Cognizable in Federal Habeas Corpus**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004). Respondents argue that grounds 2, 3, and 4 do not raise federally cognizable claims.

**1.    Ground 3**

Wheeler contends that NRS § 173.095 presumptively disallows the filing of a post-verdict amended information charging habitual criminal where a defendant has exercised his Sixth Amendment right to a jury trial, notwithstanding NRS § 207.016(2). He argues that therefore, the habitual criminal judgment must be stricken in order to preserve his Sixth Amendment rights (ECF No. 37 at 6-8.)

The Court agrees with respondents that it is unclear whether Wheeler intended to argue a Fourteenth Amendment due process violation here or, as he sets forth, a "Sixth Amendment due process" violation. In any event, neither is a cognizable claim in federal habeas corpus. U.S. Const. Amend. VI (setting forth no due process right); *Oyler v. Boles*, 368 U.S. 448, 452 (1962) (no due process interest in receiving advance notice that trial for substantive offense will be followed by habitual-criminal allegation). Accordingly, ground 3 is dismissed as noncognizable in federal habeas corpus.

**2.    Ground 4**

Wheeler argues that the trial court abused its discretion and violated his Fourteenth Amendment due process rights by imposing the habitual criminal sentence (ECF No. 37 at 8-9.) Though Wheeler labels it as a due process violation, this claim raises issues of state law only. *Langford*, 110 F.3d at 1381. Nevada state law requires

5

only that the "sentencing court . . . exercise its discretion and weigh the appropriate factors for and against the habitual criminal statute before adjudicating a person as a habitual criminal." *Hughes v. State*, 996 P.2d 890, 893 (Nev. 2000) (cited in *Harman v. Schomig*, 2007 WL 529761 *6 (D. Nev. 2007) (unreported). A constitutional entitlement cannot be created by a discretionary decision permitted by state law. *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981). Ground 4 is a state-law claim and is therefore dismissed as noncognizable in federal habeas corpus.

### 3.    Ground 2

Wheeler claims that he was convicted of a statutorily non-existent crime in violation of his Fourteenth Amendment rights. (ECF No. 37 at 5-6.) He argues that the charges against him were an unconstitutional "amalgamation" of NRS § 200.485, NRS § 200.481(2)(b) and NRS § 33.018 and that the resulting ambiguity should be resolved in favor of lenity.

The Court disagrees with respondents that ground 2 presents only a question of state law. *See, e.g., Norris v. Czerniak*, 121 Fed.Appx.198 (9th Cir. 2005) (unpublished disposition). Whether the interplay of the three statutes is ambiguous implicates federal due process. Accordingly, ground 2 states a federally cognizable claim.

### C.    Exhaustion

Respondents argue, alternatively, that ground 2 is unexhausted. (ECF No. 42 at 12-13.) State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —

The applicant has exhausted the remedies available in the courts of the State; or

(i)    there is an absence of available State corrective process; or

(ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

///

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan*, 513 U.S. at 365; *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106 (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The

exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

With respect to ground 2, the record reflects that Wheeler did not present the corresponding state postconviction claim to the Nevada Supreme Court as a federal due process violation. (*See* Exh. 68 at 12-17.) Ground 2 is, therefore, unexhausted.

### 1.    Ground 9

Wheeler asserts that the prosecutor "coerce[d] [the victim] to testify in a particular fashion for favorable treatment" in violation of his Fourteenth Amendment due process rights. (ECF No. 37 at 15-17.) In his second state postconviction petition, Wheeler claimed that "[b]ecause the state failed to disclose evidence which would have provided grounds for the defense to impeach Mrs. Wheeler's credibility as a state's witness while testifying intoxicated at the preliminary hearing, a *Brady* violation has axiomatically occurred." (Exh. 160 at 13.) While both the state and federal claims relate to his wife's testimony at the preliminary hearing, they argue distinct federal constitutional issues. The Court determines that federal ground 9 was not fairly presented to the Nevada Supreme Court. Accordingly, ground 9 is unexhausted.

### 2.    Ground 10

Wheeler contends that the prosecutor's misconduct when she injected her personal beliefs and opinions into her arguments to the jury violated his Fourteenth Amendment rights. (ECF No. 37 at 17-18.) Wheeler presented this claim in the appeal of the denial of his second state postconviction petition. (Exh. 191 at 16-17.) Respondents are correct that Wheeler did not explicitly state that he was bringing a federal due process and fair trial claim. Moreover, he cites to only Nevada state cases and, while some of the cases reference a right to a fair trial, they never invoke the

federal constitution nor otherwise make it clear that the decision is based on federal constitutional principles. Accordingly, ground 10 is unexhausted.

### D.    Procedural Bar

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Respondents argue that ground 8 is procedurally barred.

### 1.    Ground 8

Wheeler claims that the prosecutor's misconduct when she commended on his post-arrest silence at trial for substantive and impeachment purposes violated his Fifth Amendment right to remain silent. (ECF No. 37 at 14-15.) Wheeler raised this claim for

the first time in his second state postconviction petition, and presented it to the Nevada Supreme Court in his appeal of the denial of the petition. (Exh. 191 at 2-6.) The Nevada Supreme Court affirmed the dismissal of the second state postconviction petition as untimely, successive and an abuse of the writ. (Exh. 194.)

Under Nevada law, the state district court shall dismiss any postconviction claim that could have been raised in a direct appeal or a prior postconviction petition or was not filed within one year of entry of the judgment of conviction or the issuance of remittitur after the convictions were affirmed on appeal. NRS § 34.810(1)(b); 34.726. Petitioner bears the burden of proving good cause for his failure to present the claim and of proving actual prejudice. *Id*. The Nevada Supreme Court explicitly relied on these procedural bars when it declined to review the claim that corresponds to federal ground 8. (Exh. 194.) The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar of NRS § 34.810 is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). The Ninth Circuit Court of Appeals has also held that the application of the procedural bar of NRS § 34.726 is an independent and adequate state ground. *Collier v. Bayer*, 408 F.3d 1279, 1285 (9th Cir. 2005); *Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000).

Therefore, this Court finds that the Nevada Supreme Court's determination that federal ground 8 was procedurally barred under NRS § 34.810(1)(b) was an independent and adequate ground for the court's affirmance of the dismissal of that claim in the state petition. Petitioner did not oppose the motion to dismiss and has not argued that cause and prejudice exists to excuse the default. Federal ground 8 is, therefore, dismissed as procedurally barred from federal review.

## III.   PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 at 510. A "mixed" petition containing both exhausted and

10

unexhausted claims and a petition containing only unexhausted claims are both subject to dismissal. *Id.*; *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). In the instant case, the Court finds that (i) grounds 5(b) and 7 are dismissed as time-barred; (ii) grounds 3 and 4 are dismissed as not cognizable in federal habeas corpus; (iii) ground 8 is dismissed as procedurally defaulted; and (iv) grounds 3, 9 and 10 are unexhausted. Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

> 1.      He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

> 2.      He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

> 3.      He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

Accordingly, if petitioner files a motion for stay and abeyance, he would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond and petitioner to reply.

Petitioner's failure to file a motion for stay or seek other appropriate relief from this Court will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## IV.   CONCLUSION

It is therefore ordered that respondents' motion to dismiss (ECF No. 42) is granted in part as follows:

Grounds 5(b) and 7 are dismissed as time-barred,

Grounds 3 and 4 are dismissed as noncognizable in federal habeas corpus,

Grounds 2, 9 and 10 are unexhausted,

Ground 8 is dismissed as procedurally barred.

It is further ordered that petitioner will have thirty (30) days to either (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if petitioner elects to abandon his unexhausted grounds, respondents will have thirty (30) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition, and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that petitioner will have thirty (30) days following service of respondents' answer in which to file a reply.

It is further ordered that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

It is further ordered that respondents' motion for leave to file certain exhibits under seal (ECF No. 50) is granted.

DATED THIS 28th day of September 2016.

_____
MIRANDA DU
UNITED STATES DISTRICT JUDGE